CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
AUG 1 6 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

| | |
|---|---|
| ROBERT F. STEEVES,<br><br>                      *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      *Defendant.* | CIVIL ACTION NO. 3:05-CV-00043<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter comes before the Court on Plaintiff's August 15, 2006 "Motion to Vacate Substitution Order and for a Hearing on Scope of Employment."

On behalf of the original defendants, Andrew Von Eschenbach, Lester Crawford, Norris Alderson, Marlene Haffner, and Murray Lumpkin, the United States moved on June 5, 2006, to have the United States substituted as the sole defendant in this case pursuant to 28 U.S.C. § 2679(d)(2), a provision of the Federal Tort Claims Act ("FTCA"). In support of its motion, the United States filed a certification by an assistant U.S. Attorney acting on behalf of the U.S. Attorney for the Western District of Virginia that the defendants were acting within the scope of their employment at the time of the actions that gave rise to Mr. Steeves' complaint.

This Court granted the relief requested on June 6, 2006, dismissing all claims against the original defendants and substituting the United States as the sole defendant. Plaintiff now urges the Court to grant his motion to vacate its substitution order, allow sufficient time to permit discovery relating to scope of employment issues, and hold an evidentiary hearing to determine

whether the substitution of the United States was appropriate.

In *Gutierrez de Martinez v. Lamagno*,[1] the Supreme Court held that a §2679(d)(2) scope-of-employment certification may be challenged and subject to judicial review. The Fourth Circuit has explained that if a plaintiff presents persuasive evidence refuting the Attorney General's scope-of-employment certification, the burden shifts to the United States to supply evidence supporting the certification. *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir. 2000). This burden-shifting proof scheme may make it "advisable for the trial court to permit limited discovery or conduct an evidentiary hearing to resolve competing factual claims concerning the scope-of-employment issue." *Id.* at 827.

Bearing in mind that the Fourth Circuit's admonishment that courts should "remain cognizant of the considerations weighing against protracted litigation under the Westfall Act," *id.*, the Court finds that it is the interest of justice to allow the parties sixty days to conduct discovery limited to the scope of employment issue. However, no hearing shall be scheduled unless the parties' written briefs demonstrate a need for one.

It is ORDERED that Plaintiff's motion is GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART. The parties shall have SIXTY (60) days from the date of this Order to conduct discovery limited to the scope of employment issue; Plaintiff shall have TWENTY (20) days after the discovery deadline to file a brief to present specific evidence refuting the scope of employment certification; and the United States shall have FOURTEEN (14) days after the Plaintiff's brief is submitted to file a responsive brief. Plaintiff's motion for a hearing is TAKEN UNDER ADVISEMENT, pending the Court's determination as to whether a hearing would assist its decision on the scope of employment issue.

---

[1] 515 U.S. 417, 434 (1995).

Plaintiff's motion to vacate is premature and is TAKEN UNDER ADVISEMENT.

The clerk of the court is directed to send a certified copy of this Opinion and Order to all counsel of record.

It is so ORDERED.

ENTERED: _____
U.S. District Judge

Aug. 16, 2006
Date