CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 06 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ROBERT F. STEEVES,

          *Plaintiff,*

v.

UNITED STATES OF AMERICA,

          *Defendant.*

CASE NO. 3:05-CV-00043

OPINION AND ORDER

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant's June 8, 2006 Motion to Dismiss. For the reasons stated below, this motion will be granted in its entirety.

**FACTS**

This case has a long and complicated factual history, and there is little profit in an overly detailed account. Plaintiff accuses a number of the highest managers of the Food and Drug Administration of forming a conspiracy for their mutual benefit at the expense of the government, taxpayers, and consumers of food and drugs. Plaintiff has been a whistleblower on these grounds for some time. Relevant to this lawsuit are accusations that his whistleblowing led to retaliation by his supervisors in the form of a hostile work environment, denial of a FlexiPlace work plan, denial of vacation days, harassment in the form of improper disciplinary proceedings, disparate treatment in the enforcement of workplace rules, and searches of the Plaintiff's office. Finally, Plaintiff accuses Dr. Lester Crawford of defaming him in an email.

**PROCEDURAL HISTORY**

Plaintiff first filed this action on August 26, 2005, with only one defendant, Dr. Crawford, in both his individual and official capacity. On December 16, 2005, the United States Attorney certified that the acts alleged in that complaint were performed by Dr. Crawford as a part of his employment, and thus, under the Federal Tort Claims Act, the United States should be substituted as the defendant. This certification was accompanied by a motion to dismiss on the same day. This Court granted the substitution on December 19. Plaintiff then amended the complaint on February 24, 2006 to include more defendants, more counts, and additional theories of recovery, although keeping the same general substance. The U.S. Attorney filed a notice of substitution on June 5, 2006, which was granted the next day. On June 8, a second motion to dismiss was directed at the amended complaint. It is this motion which is currently before the Court.

Plaintiff moved to strike the scope-of-employment certification and reinstate the suit against individual defendants on August 15, 2006, for which the Court granted limited discovery the next day. This issue has not been finally resolved.

A hearing was held on the motion to dismiss on November 21, 2006.

## DISCUSSION

**Counts I and II**

These two counts are brought against Dr. Crawford personally. Although the scope-of-employment certification question has not been decided, it is impossible for Plaintiff to prevail under any set of circumstances. This Court lacks subject-matter jurisdiction over these claims regardless of how the scope-of-employment question is resolved.

Counts I and II of this complaint allege state-law defamation and "insulting words" torts against the defendants. The basis for jurisdiction must be either the Federal Tort Claims Act

(FTCA), diversity, or supplemental jurisdiction, since there is no federal law of defamation. However, the FTCA does not allow jurisdiction for libel or slander. 28 U.S.C. § 2680(h). Further, diversity is incomplete because Defendant Lumpkin is a citizen of Virginia, as is Plaintiff. Amend. Compl. at 1 (docket # 17). Complete diversity is a prerequisite to jurisdiction under 28 U.S.C. § 1332. *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806). Finally, supplemental jurisdiction under 28 U.S.C. § 1367 is inappropriate. Although the alleged defamation is at some level related to the employment claims, and may be evidence of bias or malice on the part of Plaintiff's superiors, it is not "so related to claims" of unfair employment practices that it "form[s] part of the same case or controversy under Article III." *Id.* Rather, the defamation was a single, isolated incident which can easily be resolved separately from the employment claims.

Exhaustion of administrative remedies under the FTCA is irrelevant because sovereign immunity would bar the claim even if all remedies had been exhausted.

Since this Court lacks jurisdiction to hear counts I and II regardless of how the scope-of-employment question is settled, both counts must be dismissed.

**Counts III – VII**

Counts III-VII all involve claims relating directly to Plaintiff's federal employment. By statute, this Court is not the appropriate forum for such disputes, and thus these counts fail to state a claim on which relief can be granted.

Count III alleges "that Lester Crawford and his coconspirators' actions caused Plaintiff to retire as an FDA employee prematurely to avoid further unfounded and sham disciplinary actions, a hostile work environment, [and] harassment in the work site..." This is apparently a claim for constructive discharge.

Count IV makes different factual allegations related to a whistleblowing, disciplinary action, and denial of a FlexiPlace work plan created by Plaintiff, but the prayer for relief reveals that it is also a claim for constructive discharge.

Count V alleges violations of Plaintiff's constitutional rights by the procedures used in his disputes with the FDA leadership and is apparently based on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which allowed for monetary damages against federal agents who violate the rights of citizens.

Count VI does not have an obvious cause of action but does include numerous allegations about mistreatment of the Plaintiff by his superiors. The prayer for relief is identical to that set out in Count V, so the Court will assume this is also a *Bivens* claim.

Count VII alleges that the actions described in the previous counts, as well as new allegations such as flyspecking enforcement of office rules and searches of Plaintiff's office, constitute intentional infliction of emotional distress.

The Civil Service Reform Act (CSRA), as amended by the Whistleblower Protection Act of 1989, governs virtually all claims by Federal employees of unfair treatment on the job. It provides an integrated system of administrative review for disputes small and large arising out of the employment relationship. Because of its comprehensive nature, the CSRA precludes judicial review of personnel actions other than as provided by the statute. *See United States v. Fausto*, 484 U.S. 439 (1988). Personnel actions are defined very broadly to include all disciplinary actions, changes in pay, benefits or awards, and changes in duties or working conditions. 5 U.S.C. § 2302. Prohibited practices include taking or failing to take personnel actions based on whistleblowing or in violation of any law or rule, as well as granting unauthorized preferences to employees. *Id.* Plaintiff's allegations fit easily within these expansive definitions, and nothing

plaintiff alleges in these counts falls outside of them.

The statute itself requires that potential plaintiffs follow a carefully laid-out administrative path before coming to court. The first step for an aggrieved party is to file a complaint with the Office of the Special Counsel (OSC). 5 U.S.C. § 1214. Above the OSC is the Merit Systems Protection Board (MSPB), which hears cases brought directly and appeals from OSC decisions. *Id.* and § 1221. If the MSPB denies a claim, an employee may seek review in the U.S. Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703. "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). Furthermore, a *Bivens* action is not possible in the federal employment context when the violations complained of are cognizable under the CSRA. *Bush v. Lucas*, 462 US. 367 (1983), *Hall v. Clinton*, 235 F.3d 202, 205 (4th Cir. 2000).

Plaintiff's citation of *Brock v. United States*, 64 F.3d 1421 (9th Cir. 1995) and *Orsay v. United States*, 289 F.3d 1125 (9th Cir. 2002), does nothing to help his claim that the actions taken in this case fall outside of the CSRA. *Brock* involved an employee raped and repeatedly fondled by a supervisor. Rape and sexual battery are not included in the CSRA's list of disciplinary actions (5 U.S.C. § 7501 et seq.), and thus are not properly considered "personnel actions." Nor is sexual abuse included among prohibited personnel practices, and accordingly, the OSC and MSPB cannot order redress for victims (although they could order disciplinary actions for perpetrators). Judicial remedies are therefore available. *Orsay* involved a supervisor who pointed a loaded gun at employees. As with rape, assault with a deadly weapon falls outside the CSRA's definition of personnel practices, and thus a CSRA remedy is not available. Therefore, judicial action is permitted.

Even a relatively cursory examination of the Amended Complaint shows that every single action allegedly taken by Defendants in Counts III-VII was directly related to Plaintiff's federal employment. This is not to say that every action was lawful, just, or appropriate. However, Plaintiff has not alleged any malfeasance which extends beyond the ordinary employer-employee relationship. He was not raped, assaulted, or arrested without probable cause by Dr. Crawford and the FDA management. His home was not invaded by uniformed agents of the Public Health Service in an FDA-sponsored remake of *Bivens* (his office was allegedly searched, but his office and everything in it are government property in which he has no privacy interest). None of his allegations come even close to the level of outrages to person and dignity that have justified judicial redress in spite of the CSRA. Rather, he alleges that he suffered disciplinary hearings, managerial investigations, and sanctions of an ordinary character, and he was denied certain requests which fall well within the normal range of supervisor conduct. Accepting all of Plaintiff's allegations as true, this case is an employment dispute, and thus is subject to resolution under the CSRA alone. No tort or *Bivens* cause of action can be entertained by this Court. *U.S. v. Fausto*, 484 U.S. 439, 452-55 (1988) (FTCA), *Bush v. Lucas*, 462 US. 367 (1983) (*Bivens*), *Hall v. Clinton*, 235 F.3d 202, 205-06 (4th Cir. 2000) (*Bivens* and FTCA), *Saul v. United States*, 928 F.2d 829, 840-43 (9th Cir. 1991); *Roth v. U.S.*, 952 F.2d 611, 614-15 (1st Cir. 1991); *Broughton v. Courtney*, 861 F.2d 639, 644 (11th Cir. 1988) (state tort law).

The question of exhaustion of administrative remedies is irrelevant because even if Plaintiff had completed the required steps under the CSRA, this Court would still lack jurisdiction to hear any appeals. As stated above, all appeals from the Merit Systems Protection Board must go to the Federal Circuit. In any case, there is no evidence in the record showing that Plaintiff has exhausted, or even begun, the administrative grievance process. Although it may be

true that the minor disciplinary actions to which Plaintiff was subject did not permit extensive appeals (Pl. Opp. to Mot. to Dismiss at 9-10, docket # 35), a complaint to the OSC is the proper start to resolution of the constructive discharge, emotional distress, and constitutional claims.

The question of scope of employment under the FTCA is irrelevant in Counts III-VII. Since all of the acts complained of are based on Plaintiff's federal employment, the FTCA is not available as a remedy even if some of the acts–e.g., violations of Plaintiff's due-process rights–are arguably beyond the scope of defendants' employment.[1] *Fausto, supra; Hall, supra.*

The Court expresses no opinion on qualified immunity or personal jurisdiction for any count of the complaint, as these issues need not be reached.

## CONCLUSION

This Court lacks subject matter jurisdiction over Counts I and II. Counts III-VII fail to state a claim on which relief can be granted.

The Motion to Dismiss is GRANTED. This case is hereby DISMISSED and shall be stricken from the docket of this court.

The Clerk of the Court is directed to send a certified copy of this Order to the Plaintiff and all counsel of record.

ENTERED: _____
U.S. District Judge

12-6-06
Date

---

[1] The Court presumes that no government employment manual includes "violate constitutional rights of employees" in managerial job descriptions, and thus such violations are technically "beyond the scope of employment." However, the CSRA's mechanisms, not the FTCA or a *Bivens* suit, are the appropriate means for adjudicating constitutional claims which arise from and relate directly to federal employment. Otherwise, the CSRA's primacy would be defeated by the mere allegation of a due-process violation.